UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re.

VINCENT ROSENBALM,

        Plaintiff.

No. C 08-1765 SI (pr)
No. C 08-1835 SI (pr)
No. C 08-1836 SI (pr)
No. C 08-2064 SI (pr)

**ORDER DENYING PAUPER STATUS AND FOR FILING FEES**

      A prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

      Vincent Rosenbalm is subject to the filing restriction on frequent filing prisoners in 28 U.S.C. § 1915(g) because he is a prisoner and has suffered four prior dismissals that counted under § 1915(g). See Order Of Dismissal filed today in In re. Rosenbalm, N. D. Cal. Case Nos. C 08-279 SI, C 08-751 SI, C 08-952 SI, C 08-1360 SI, C 08-1474 SI, C 08-1503 SI, C 08-1504 SI, and C 08-1603 SI. Having just determined that Rosenbalm has four prior dismissals covered by § 1915(g), there is no need to redetermine the question in the four new civil rights actions he has filed.

      This order addresses four new civil rights actions filed by Rosenbalm. The court has reviewed the complaints in these four actions and determines that none of them come within the

imminent danger exception in § 1915(g). Section 1915(g) precludes him from proceeding as a pauper in the four new civil actions  The in forma pauperis applications therefore are DENIED in Case No. C 08-1765 SI, Case No. C 08-1835 SI, Case No. C 08-1836 SI, and Case No. C 08–2064 SI. Rosenbalm must pay the full filing fee of $350.00 in each of these actions no later than **June 2, 2008**. Failure to pay the filing fees by the deadline will result in the dismissal of each case in which the full filing fee has not been paid.

Finally, the court notes that several of the civil rights complaints mention, among other things, problems in the criminal case pending against Rosenbalm. To the extent Rosenbalm wants to challenge the fact or duration of his confinement, such claims may be asserted only in a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). (The habeas relief available to Rosenbalm was explained in much greater detail in the April 3, 2008 order of dismissal in Rosenbalm's habeas action, Rosenbalm v. Foulk, C 07-4197 SI.)

IT IS SO ORDERED.

Dated: May 8, 2008

_____
SUSAN ILLSTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROSENBALM,

        Plaintiff,

v.

ED FOULK et al,

        Defendant.
                                   /

Case Number: CV08-01765 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent Lee Rosenbalm #83912
Napa State Hospital
2100 Napa Vallejo Highway
Napa, CA 94558

Dated: May 9, 2008

                                            Richard W. Wieking, Clerk
                                            By: Tracy Sutton, Deputy Clerk